IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

S.R.R.B., A MINOR, BY AND THROUGH
THOMAS O. VREELAND, AS
TEMPORARY LIMITED GUARDIAN OF
THE ESTATE OF S.R.R.B.,

    Plaintiff,

Case No.: 8:08-cv-00960-T-17-MAP

v.

LIFE INVESTORS INSURANCE
COMPANY OF AMERICA,
AN IOWA CORPORATION,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

This cause is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket No. 12) and Defendant's response thereto (Docket No. 17). For the reasons set forth below, Plaintiff/Counter-Defendant's Motion to Dismiss the Counterclaim is **DENIED** as to both Counts I and II.

### BACKGROUND AND PROCEDURAL HISTORY

On October 24, 2002, Defendant, Life Investors Insurance Company of America (hereinafter "Life Investors") issued a life insurance policy to Stephanie Beavers as mother of Plaintiff, S.R.R.B. Stephanie Beavers paid premiums for the policy. The face amount of the policy was $176,000.00 and the policy named S.R.R.B., a minor, as the designated beneficiary under the policy. The policy purports to award S.R.R.B. the lump sum payment of the full face value of the policy, with interest, on due proof of the death his mother, Stephanie Beavers.

1

Stephanie Beavers died on April 19, 2004. She was current with her premium payments on the date of her death.

Thomas O. Vreeland was appointed temporary limited guardian of the estate of S.R.R.B. and has brought this action on behalf of S.R.R.B. On November 12, 2004, S.R.R.B. by and through Mr. Vreeland, advised Life Investors of the death of Stephanie Beavers. Life Investors, subsequently refused to pay S.R.R.B. as beneficiary of the policy and Life Investors claims to have returned all premiums paid. The parties are in dispute as to the alleged misrepresentations made in Stephanie Beavers' application for the policy concerning her general health history. Plaintiff filed a two count Complaint against Life Investors requesting full payment of the policy, plus interest, as well as damages and interest, together with reasonable attorney's fees. Subsequently, Defendant filed a two count Counterclaim against Plaintiff requesting rescission of the policy and a declaratory decree as to the validity of the policy. Plaintiff then filed its Motion to Dismiss Defendant's Counterclaim.

## STANDARD OF REVIEW

A motion to dismiss a complaint may be made on the basis that it "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to withstand a motion to dismiss, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions" and "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 1959 (2007). Accordingly, this Court is compelled to consider "not whether a Plaintiff will ultimately prevail, but whether the claimant is

entitled to offer evidence to support the claims." *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995).

Upon reviewing a complaint, this Court must view the complaint in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds). For purposes of a 12(b)(6) motion to dismiss, this Court must presume the factual allegations of a complaint are true, *In re Adelphia Commc'ns Corp. v. Bank of America, N.A.*, 24, 33 (S.D.N.Y. 2007), and this Court must liberally construe them in order to grant the Plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Detailed factual allegations are not required in order to survive a 12(b)(6) motion to dismiss. *Twombly*, 127 S. Ct. at 1964. However, the Plaintiff's mere "formulaic recitation of the elements of the elements of a cause of action will not do." *Id.*

## DISCUSSION

### Count I

Plaintiff moves to dismiss Count I of Defendant's Counterclaim for rescission on the grounds that Defendant failed to allege all the elements of a claim for rescission. Specifically, Plaintiff asserts that Defendant failed to allege that it took a course of action to disavow the life insurance policies with reasonable promptness and that it lacked a remedy at law. Plaintiff further asserts that rescission is not appropriate when the parties cannot return to the positions occupied prior to the execution of the contract. Plaintiff relies upon authority that does not specifically address rescission of an insurance policy. *See Capital Factors, Inc. v. Heller Financial, Inc.*, 712 F. Supp. 908 (S. D. Fla. 1989); *H2Ocean v. Schmitt*, WL 1835974 (M. D.

Fla. 2006). Defendant, however, relies upon Fla. Stat. § 627.409, which authorizes an insurer "the right to unilaterally rescind" an insurance policy as long as the requirements of the statute are met. *Wimberg v. Chandler,* 986 F. Supp. 1447, 1452 (*citing Fabric v. Provident Life & Acc. Ins. Co.,* 115 F.3d 908, 913). Section 627.409 allows for unilateral rescission of a policy when either of the following is shown:

> (a) [t]he misrepresentation, omission, concealment, or statement is. . . material either to the acceptable risk or to the hazard assumed by the insurer [; or]
> (b) [i]f the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy, or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in loss.

This statute requires a finding of a "material misrepresentation in an application for insurance, whether or not made with knowledge of its correctness or untruth" in order to "nullify any policy issued[.]" *Wimberg,* 986 F. Supp. at 1452. The determination of what is material is a question of fact not appropriate for consideration in a motion to dismiss and this Court is required to presume the factual allegations of a complaint are true, *In re Adelphia Commc'ns Corp. v. Bank of America, N.A.,* 24, 33 (S.D.N.Y. 2007). Further, this Court must liberally construe these factual allegations in order to grant the Plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). Defendant does, in fact, allege that the decedent misrepresented her medical and/or smoking history in her application for the policy. (Counterclaim, ¶¶ 6-12, 17, 21). Defendant also clearly alleges that these misrepresentations were material and that they were material because Defendant would not have issued the policy had truthful disclosures been made. (*Id.,* ¶¶ 18, 22). Therefore, this Court finds that the Defendant did sufficiently allege facts as required by Fla. Stat. § 627.409.

Defendant satisfies any obligation to allege that it has no remedy at law by alleging that "the policy is *void ab initio* and of no force or effect since its inception" because of the material misrepresentations. (*Id.* ¶ 23). It follows that where there is no policy on which to seek a remedy at law, there may be a remedy in equity. In seeking such an equitable remedy, a court may declare the policy *void ab initio* based upon the requirements set forth for rescission by the legislature in Fla. Stat. § 627.409. *See Family Loan Co. v. Smetal Corp.*, 123 Fla. 900, 903 (1936) (Overruled on other grounds). Therefore, Defendant sufficiently alleged that no adequate remedy exists at law under the policy.

Defendant further satisfies any burden in alleging that it took a course of action to disavow the life insurance policies with reasonable promptness. Defendant does so in alleging that it initiated a routine investigation and subsequently notified Plaintiff of policy cancellation within seventeen months of decedent's death. (Counterclaim, ¶¶ 15-19).

Plaintiff asserts that "equity will not *usually* order rescission unless the condition of the parties as it existed prior to the execution of the contract can be restored." *Steak House, Inc. v. Barnett*, 65 So.2d 736, 738 (Fla. 1953) (emphasis added). It is evident that decedent is no longer capable of initiating a new policy for the benefit of her child. However, there is sufficient judicial treatment of Fla. Stat. § 627.409 to determine that in rescinding the policy, Defendant is only required to refund premiums in order to restore Plaintiff to its previous position. *See Fabric*, 115 F.3d at 913; *accord Continental Assur. Co. v. Carrol*, 485 So. 2d 406 (Fla. 1986) (failure to disclose deceased son's heart condition relieved insurer of obligation to pay life insurance benefit); *Shelby Life Ins. Co. v. Paolasini*, 489 So. 2d 89 (Fla. 3d DCA 1986) (life insurance policy rescinded where decedent failed to disclose heart condition). Therefore, rescission is available to Defendant.

Defendant has sufficiently alleged facts necessary to defeat a 12(b)(6) motion to dismiss Count I of the Counterclaim. Accordingly, Plaintiff's Motion to Dismiss Count I of the Counterclaim is DENIED.

## Count II

Plaintiff moves to dismiss Count II of Defendant's Counterclaim for declaratory relief on the grounds that Defendant failed to allege all the elements of a claim for declaratory relief. Specifically, Plaintiff alleges that declaratory relief is inappropriate because Defendant has not alleged that it is in doubt as to its rights. However, Defendant seeks a declaratory judgment on the validity of the policy itself. (Counterclaim, ¶ 28). Such a use has been upheld in the context of declaring the validity of an insurance policy. *See Travelers Ins. Co. v. Emery*, 579 So.2d 798 (Fla. 1st DCA 1991) (declaratory judgment proper in insurance context); *Government Employees Ins. Co. v. Decheona*, 610 So. 2d 480, 481 (Fla. 3d DCA 1992) (requesting a declaratory judgment for appropriateness of insurance company's choice to void policy). This Court must consider the purpose of a declaratory judgment as stated in Fla. Stat. § 86.101, "to settle and afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed." Therefore, declaratory relief is available to Defendant because it is in doubt as to the validity of the policy.

Plaintiff also specifically alleges that declaratory relief is not proper because there exists an adequate remedy at law. However, it has already been established that Defendant seeks no other remedy than an equitable one since they seek to have the policy declared *void ab initio*. Even if an adequate remedy at law exists or is sought, Fla. Stat. § 86.111 requires that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief."

6

Defendant has sufficiently alleged facts necessary to defeat a 12(b)(6) motion to dismiss Count II of the Counterclaim. Accordingly, Plaintiff's Motion to Dismiss Count II of the Counterclaim is DENIED.

## CONCLUSION

**ORDERED** that Plaintiff's Motion to Dismiss Defendant's Counterclaim (Docket No. 12) is **DENIED** as to both Counts I and II and the Plaintiff/Counter-Defendant has ten (10) days from this date to answer the counterclaim.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 30th day of October, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record